KRISTIAN LAVIGNE, ESQ.
Nevada Bar No.11629
JEFFREY LAVIGNE, ESQ.
Nevada Bar No. 13906
**THE LAW OFFICE OF KRISTIAN LAVIGNE AND ASSOCIATES, P.C.**
8064 W. Sahara Avenue, Suite 102
Las Vegas, NV 89117
Ph:702-732-3529
Fax:702-724-9073

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| DONALD SMITH, an individual, | Case No.: 2:17-cv-0000852 |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| JRY 3 ENTERPRISES, INC., a Nevada corporation; | **JURY TRIAL DEMANDED** |
| Defendants, | |

Plaintiff DONALD SMITH, by and through his undersigned counsel of record, and for his causes of action against Defendants and each of them, alleges as follows:

1. This Court has original jurisdiction over the federal minimum wage and overtime claims herein pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b), and has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

2. This Court has supplemental jurisdiction under U.S.C. § 1367 over Plaintiff's wage and hour claims under Nevada state law because those claims derive from a common nucleus of operative fact regarding Defendant's failure to pay wages and overtime compensation. Furthermore, a party seeking to recover unpaid wages has a private right of action pursuant to Nevada Revised Statute ("NRS") sections 608.050 and 608.140, among others.

3. Venue is proper in this Court because one or more of the Defendants named herein maintains a principle place of business or otherwise is found in this judicial district and many of the acts complained herein occurred in Clark County, Nevada.

## PARTIES

4. Plaintiff DONALD SMITH ("Plaintiff") is a natural person who is and was a resident of the State of Nevada at all relevant times herein and was employed by Defendant JRY 3 ENTERPRISES, INC, ("Defendant") as a non-exempt hourly employee from approximately April 2015 to November 2015.

5. Defendant is a Nevada corporation with a principle place of business in Las Vegas, Nevada and is an employer engaged in commerce under the provision of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

6. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

7. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

8. Unless otherwise stated, all the conduct engaged in by Defendant took place in Nevada.

9. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants' named.

## FACTUAL ALLEGATIONS

10. Defendant provides scooter tours to guests around the Las Vegas Valley.

11. Plaintiff was employed by Defendant as a tour guide. Plaintiff's job duties included: (i) arriving at Defendant's Tour Location in Las Vegas, NV and picking up a passenger van; (ii) using the passenger van to pick up guests from hotels and bring them to the Tour Location; (iii) leading guests on a scooter tour around the driving loop of Red Rock Canyon National Conservation Area; (iv) returning the guests and scooters to the Tour Location; (v) using the

passenger van to return the guests to their hotels; (vi) driving the passenger van back to the Tour Location; (vii) performing routine maintenance on the scooters; and (viii) putting the scooters away.

12. From April 1, 2017 to November 5, 2015, Plaintiff worked approximately twelve (12) hour shifts approximately six (6) days a week. However, for these shifts, Defendant failed to pay Plaintiff overtime for hours worked in excess of eight (8) per day and/or forty (40) per week.

13. From November 6, 2015 to November 30, 2015, Plaintiff worked approximately eight (8) hour shifts. However, for these shifts, Defendant only paid Plaintiff for seven (7) hours of work.

14. Upon information and belief the passenger van weighed less ten thousand (10,000) pounds.

15. Upon information and belief the scooters weighed less ten thousand (10,000) pounds.

16. Upon information and belief, Defendant is not engaged in interstate commerce.

## FIRST CAUSE OF ACTION

**Failure to Pay Wages in Violation of the FLSA, 29 U.S.C. § 201, et seq.**

17. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein.

18. Pursuant to the FLSA, 29 U.S.C. § 201, et seq., Plaintiff is entitled to compensation at his regular rate of pay or the minimum wage rate, whichever is higher, for all hours worked.

19. 29 U.S.C. § 206(a)(1) states that "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates: (1) except as otherwise provided in this section, not less than (A) $5.85 an hour beginning on the 60th day after the enactment of the Fair Minimum Wage Act of 2007; (B) $6.55 an hour, beginning 12 months after that 60th day; and (C) $7.25 an hour, beginning 24 months after that 60th day."

20. All of Plaintiff's job duties, as described above, is for the sole benefit of Defendant and is compensable time.

21. By only compensating Plaintiff for seven (7) hours of work from November 6, 2015 to November 30, 2015, regardless of the number of hours actually worked, Defendant failed to pay Plaintiff for all hours worked.

22. Defendant's unlawful conduct has been widespread, repeated, and willful. Defendant knew or should have known that its policies and practices have been unlawful and unfair.

23. Wherefore, Plaintiff demands that Defendant pay Plaintiff the minimum hourly wage or his regular rate of pay, whichever is greater, for all hours worked during the period of his employment together with liquidated damages, attorneys fees, costs, and interest as provided by law.

## SECOND CAUSE OF ACTION

**Failure to Pay Overtime Wages in Violation of the FLSA, 29 U.S.C. § 207**

24. Plaintiff realleges and incorporates by reference all the paragraphs above in this Complaint as though fully set forth herein.

25. 29 U.S.C. Section 207(a)(1) provides as follows: "Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

26. Once the work day has begun, all time suffered or permitted by the employer to be worked by the employee is compensable at the employee's regular rate of pay, whether scheduled or not.

27. By failing to pay Plaintiff overtime for all hours worked in in excess of forty (40) hours in a week, as described above, Defendant violated of 29 U.S.C. Section 207(a)(1).

28. Defendant's unlawful conduct has been widespread, repeated, and willful. Defendant knew or should have known that its policies and practices have been unlawful and unfair.

29. Wherefore, Plaintiff demands that Defendant pay Plaintiff one and one half times his regular hourly rate of pay for all hours worked in excess of forty (40) hours a week during the

period of his employment together with liquidated damages, attorneys fees, costs, and interest as provided by law.

### THIRD CAUSE OF ACTION
**Failure to Pay Wages For All Hours Worked in Violation of NRS 608.140 and 608.016**

30. Plaintiff realleges and incorporates by reference all the paragraphs above in this Complaint as though fully set forth herein.

31. NRS 608.140 provides that an employee has a private right of action for unpaid wages: "Whenever a mechanic, artisan, miner, laborer, servant, or employee shall have cause to bring suit for wages earned and due according to the terms of his or her employment, and shall establish by decision of the court or verdict of the jury that the amount for which he or she has brought suit is justly due, and that a demand has been made, in writing, at least 5 days before suit was brought, for a sum not to exceed the amount so found due, the court before which the case shall be tried shall allow to Plaintiff a reasonable attorney fee, in addition to the amount found for wages and penalties, to be taxed as costs of suit."

32. On or about March 8, 2017, Plaintiff made demand for unpaid wages upon Defendant pursuant to NRS 608.140 but satisfactory payment was not received.

33. NRS 608.016 states that "An employer shall pay to the employee wages for each hour the employee works." Hours worked means anytime the employer exercises "control or custody" over an employee. *See* NRS 608.011 (defining an "employer" as "every person having control or custody . . . of any employee."). Pursuant to the Nevada Administrative Code, hours worked includes "all time worked by the employee at the direction of the employer, including time worked by the employee that is outside the scheduled hours of work of the employee." NAC 608.115(1).

34. By only compensating Plaintiff for seven (7) hours of work from November 6, 2015 to November 30, 2015, regardless of the number of hours actually worked, Defendant failed to pay Plaintiff for all hours worked, in violation of NRS 608.140 and 608.016.

35. Although the statute of limitations for minimum wage violations is two years, there is no express statute of limitations for violations of NRS 608.140 and 608.016 and, therefore, the three-year statute contained in NRS 11.190(3) for statutory violations applies.

36. Wherefore, Plaintiff demands payment by the Defendant at the regular hourly rate of pay for all hours worked during his employment together with attorneys fees, costs, and interest as provided by law.

## FOURTH CAUSE OF ACTION

**Failure to Pay Minimum Wages in Violation of NRS 608.140 and 608.250**

37. Plaintiff realleges and incorporates by reference all the paragraphs above in this Complaint as though fully set forth herein.

38. NRS 608.140 provides that an employee has a private right of action for unpaid wages.

39. NRS 608.250(1) provides that "Except as otherwise provided in this section, the Labor Commissioner shall, in accordance with federal law, establish by regulation the minimum wage which may be paid to employees in private employment within the State. The Labor Commissioner shall prescribe increases in the minimum wage in accordance with those prescribed by federal law, unless the Labor Commissioner determines that those increases are contrary to the public interest."

40. NRS 608.260 states "If any employer pays any employee a lesser amount than the minimum wage prescribed by regulation of the Labor Commissioner pursuant to the provisions of NRS 608.250, the employee may, at any time within 2 years, bring a civil action to recover the difference between the amount paid to the employee and the amount of the minimum wage. A contract between the employer and the employee or any acceptance of a lesser wage by the employee is not a bar to the action.

41. By only compensating Plaintiff for seven (7) hours of work from November 6, 2015 to November 30, 2015, regardless of the number of hours actually worked, Defendant failed to pay Plaintiff for all hours worked, in violation of NRS 608.140 and 608.250.

42.     Wherefore, Plaintiff demands payment by the Defendant at the regular hourly rate of pay or the minimum wage, whichever is higher, for all hours worked during his employment together with attorneys fees, costs, and interest as provided by law.

### FIFTH CAUSE OF ACTION

**Failure to Pay Overtime Wages in Violation of NRS 608.140 and 608.018**

43.     Plaintiff realleges and incorporates by reference all the paragraphs above in this Complaint as though fully set forth herein.

44.     NRS 608.140 provides that an employee has a private right of action for unpaid wages.

45.     NRS 608.018(1) provides that "An employer shall pay 1 1/2 times an employee's regular wage rate whenever an employee who receives compensation for employment at a rate less than 1 1/2 times the minimum rate prescribed pursuant to NRS 608.250 works (a) More than 40 hours in any scheduled week of work; or (b) More than 8 hours in any workday unless mutual agreement the employee works a scheduled 10 hours per day for 4 calendar days within any scheduled week of work."

46.     Defendant failed to pay Plaintiff daily overtime premium rate of pay at one and one-half his regular hourly rate of pay, and failed to pay a weekly overtime premium rate of pay at one and one-half his regular hourly rate of pay when Plaintiff worked in excess of forty (40) hours in a week in violation of 608.140 and 608.018.

47.     Although the statute of limitations for minimum wage violations is two years, there is no express statute of limitations for failure to pay overtime pursuant to NRS 608.140 and 608.018 and, therefore, the three-year statute contained in NRS 11.190(3) for statutory violations applies.

48.     Wherefore, Plaintiff demands payment by Defendant at one and one-half times his regular rate of pay for all hours worked in excess of eight (8) in a given workday and payment by Defendant at one and one-half times his regular rate of pay for all hours worked in excess forty (40)

a workweek during the period of Plaintiff's employment together with attorneys fees, costs, and interest as provided by law.

## SIXTH CAUSE OF ACTION

**Failure to Pay All Wages Due and Owing Upon Termination Pursuant to NRS 608.140 and 608.020-.050.**

49. Plaintiff realleges and incorporated by reference all the paragraphs above in this Complaint as though fully set forth herein.

50. NRS 608.140 provides that an employee has a private right of action for unpaid wages.

51. NRS 608.020 provides that "[W]henever an employer discharges an employee, the wages and compensation earned and unpaid at the time of such discharge shall become payable immediately."

52. NRS 608.040(1)(a-b), in relevant part, imposes a penalty on an employer who fails to pay a discharged or quitting employee: "[W]ithin 3 days after the wages or compensation of a discharged employee becomes due; or on the day the wages or compensation is due to an employee who resigns or quits, the wages or compensation of the employee continues at the same rate from the day the employee resigned, quit, or was discharged until paid for 30-days, whichever is less."

53. NRS 608.050 grants an "employee lien" to each discharged or laid-off employee for the purposes of collecting the wages or compensation owed to them "in the sum agreed upon in the contract of employment for each day the employer is in default, until the employee is paid in full, without rendering any service therefore; but the employee shall cease to draw such wages or salary 30 days after such default."

54. By failing to compensate Plaintiff for all hours worked in violation of state and federal law, at the correct legal rate, Defendant has failed to timely remit all wages due and owing to Plaintiff upon termination and for sixty days thereafter.

55. Wherefore, Plaintiff demands thirty (30) days wages under NRS 608.140 and 608.040, and an additional thirty (30) days wages under NRS 608.140 and 608.050 together with attorneys fees, costs, and interest as provided by law.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for relief as follows relating to his allegations:

1. For damages according to proof for his regular rate of pay under federal law for all hours worked;

2. For damages according to proof for minimum rate of pay under federal law for all hours worked;

3. For damages according to proof for overtime compensation under federal law for all hours worked over 40 per week;

4. For liquidated damages pursuant to 29 U.S.C. § 216(b);

5. For damages according to proof for minimum wage rate of pay under NRS 608.140 and 608.016 for all hours worked.

6. For damages according to proof for minimum wage rate of pay under NRS 608.140 and 608.250 for all hours worked.

7. For damages according to proof for overtime compensation under NRS 608.140 and 608.018 at a rate of one and one half times the minimum wage for all hours worked in excess of 8 hours per day and/or one and one half times the minimum wage for hours worked in excess of 40 hours per week;

8. For damages according to proof for overtime compensation at the correct and legally applicable overtime rate under state and federal law;

9. For sixty days of waiting time penalties pursuant to NRS 608.140 and 608.040-050;

10. For interest as provided by law at the maximum legal rate;

11. For reasonable attorneys fees authorized by statute;

12. For costs of suit incurred herein;

13. For pre-judgment and post-judgment interest, as provided by law, and

14. For other such and further relief as the Court may deem necessary.

## PLAINTIFF'S DEMAND FOR TRIAL BY JURY

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

DATED this 29th day of March 2017.

Respectfully submitted by:

/s/ Kristian Lavigne
KRISTIAN LAVIGNE, ESQ.
Nevada Bar No.11629
JEFFREY LAVIGNE, ESQ.
Nevada Bar No. 13906
**THE LAW OFFICE OF KRISTIAN LAVIGNE AND ASSOCIATES, P.C.**
8064 W. Sahara Avenue, Suite No. 102
Las Vegas, NV 89117
Ph:702-732-3529
Fax:702-724-9073

*Attorneys for Plaintiff*